United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BLUE IN STYLE, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ES/EX CORPORATION, et al., <br><br> Defendants. | Case No. 17-cv-01145-LB <br><br> **ORDER DENYING THE PLAINTIFFS' MOTION TO SERVE THE DEFENDANTS THROUGH THE CALIFORNIA SECRETARY OF STATE** <br><br> Re: ECF No. 9 |

This is a trademark-infringement and breach-of-contract case concerning three trademarks related to Blue in Style's blue sparkling wine, Blanc de Bleu.[1] Blue in Style and its parent, Bronco Wine Company, allege that their former business partners, ES/EX Corporation, Premium Vintage Cellars, and Koh Ohsedo (ES/EX and Premium Vintage's only officer and director), breached an agreement to convey their rights in the Blanc de Bleu brand and infringed related trademarks.[2] After unsuccessfully seeking a waiver of service from Mr. Ohsedo, the plaintiffs ask to serve the corporate defendants through California's Secretary of State.[3]

---

[1] *See* Compl. – ECF No. 1, ¶ 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See id.*

[3] *See generally* Motion – ECF No. 9.

ORDER — No. 17-cv-01145-LB

Federal Rule of Civil Procedure 4(h)(1)(A) allows service of process on corporations and other business entities by any method permitted by the law of the state in which the district court is located or in which service is made. *See* Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under California law, a court may authorize service on a corporation through the Secretary of State if (1) the corporation's agent for service has resigned and has not been replaced, and (2) the plaintiff shows by affidavit that process "against [the] domestic corporation cannot be served with reasonable diligence." Cal. Corp. Code § 1702(a). The second, "reasonable diligence" requirement may be satisfied by showing that process cannot be served (i) on the corporation's designated agent by hand under California Civil Code sections 415.10, 415.20(a), or 415.30(a), or (ii) on the corporation itself under Civil Code sections 416.10(a)–(c) or 416.20(a). *Id.*

Here, the plaintiffs submit counsel's declaration establishing that "the agents for service of process for Defendants ES/EX Corporation and Premium Vintage Cellars, Inc. have resigned and have not been replaced."[4] They have thus satisfied the first requirement for service through the Secretary of State.

But they have not satisfied the second. The plaintiffs do not demonstrate, by affidavit, that ES/EX and Premium Vintage cannot be served with reasonable diligence. Of course, it appears that they could not serve the corporations' "designated agent" because they currently have none (the agent resigned earlier this year).[5] But the plaintiffs have not shown that they cannot with reasonable diligence serve the corporate defendants by other statutorily identified means — for example, under section 416.10(b).

That section provides that a corporation may be served by delivery of process to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Code § 416.10(b).

---

[4] Belcher Decl. – ECF No. 9-1, ¶ 7, Exs. 1–4.
[5] *See id.*

1   The plaintiffs allege that Mr. Ohsedo is the sole officer and director of both ES/EX and
2   Premium Vintage.[6] Indeed, as of October 2014, Mr. Ohsedo was listed as the CEO, CFO,
3   secretary, and sole director of both corporate defendants.[7] The plaintiffs' counsel emailed Mr.
4   Ohsedo at two email addresses the he "has used or copied . . . in recent unrelated communications
5   with [the] Plaintiffs."[8] Counsel requested that Mr. Ohsedo "waive service on behalf of all
6   Defendants" and attached the waiver, complaint, and other related documents.[9] Counsel mailed the
7   same to Mr. Ohsedo's "U.S. home address," a Foster City, California address listed on the
8   corporations' state filings.[10] Mr. Ohsedo did not respond to the email and the mail was returned as
9   unclaimed.[11] He also did not respond to counsel's follow-up email sent six weeks later.[12]

These efforts to get Mr. Ohsedo to waive service do not show that the plaintiffs cannot by reasonable diligence serve ES/EX and Premium Vintage through Mr. Ohsedo as their CEO, CFO, or secretary. *See* Cal. Civ. Code § 416.10(b). In fact, because the plaintiffs do not request an order authorizing alternative service on Mr. Ohsedo, it appears that they intend to serve him individually (or at least try to), and thus may be able to serve him in his capacity as a corporate officer, too. The plaintiffs must establish by affidavit that this cannot be done before the court can authorize service under Corporations Code section 1702. *See Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 311 (1998) ("Indeed, a careful reading of Corporations Code section 1702 suggests that a party serving process upon any corporation that has failed to designate an agent for service of process should, and arguably must, *first* attempt service upon both the officers and agents enumerated in subdivisions (b) and (c) of section 416.10 . . . .") (emphasis in original).

---

[6] Compl. ¶ 7; Motion at 2, ¶ 1.

[7] *See* Belcher Decl., Exs. 5, 7.

[8] *Id.* ¶ 4.

[9] *Id.*

[10] *Id.* ¶ 5, Exs. 5 & 7.

[11] *Id.* ¶¶ 4–5.

[12] *Id.* ¶ 6.

The court therefore denies without prejudice the plaintiffs' motion to serve ES/EX and Premium Vintage through the California Secretary of State. *See Gofron v. Picsel Techs., Inc.*, No. C 09-04041 CW, 2010 WL 4807096, at *1 (N.D. Cal. Nov. 19, 2010) (denying without prejudice motion to serve corporation through the California Secretary of State where plaintiffs' affidavit did not show reasonable diligence under section 416.10(b)).

But, to allow time to complete service, the court grants in part the plaintiffs' motion to extend the service deadline. The court extends the date 30 days from the current deadline (June 5, 2017), not the full 90 days requested.[13] If, despite reasonable diligence, the plaintiffs need more time, they may request it as the new deadline approaches.

**IT IS SO ORDERED.**

Dated: May 25, 2017

_____
LAUREL BEELER
United States Magistrate Judge

---

[13] *See* Motion at 3, ¶ 3; *id.* at 5.